IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br>1095 Avenue of the Americas<br>New York, NY 10036<br><br>Plaintiff,<br><br>v.<br><br>COLIN B. JOHNSON<br>205 Rittenhouse St NE<br>Washington, DC 20011<br><br>ELIOT L. JOHNSON,<br>409 Lexington Dr.<br>Silver Spring, MD 20901<br><br>AMERICAN CAPITAL FUNDING, LLC<br>900 39th St.<br>Newport News, VA 23607<br><br>Defendants. | CIVIL ACTION NO. _____ |

## COMPLAINT IN INTERPLEADER

COMES NOW Plaintiff Metropolitan Life Insurance Company ("MetLife"), by and through its attorneys, and for its Complaint in Interpleader states:

### I.   PARTIES

1. Interpleader Plaintiff MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York. It is duly licensed to do business in the District of Columbia.

2. Upon information and belief, Defendant Colin B. Johnson is a surviving son of Judine Johnson (the "Decedent") and resides in the District of Columbia.

COMPLAINT IN INTERPLEADER – Page 1

3. Upon information and belief, Defendant Eliot L. Johnson is a surviving son of the Decedent, and resides in Silver Spring, Maryland.

4. Upon information and belief, Defendant American Capital Funding, LLC is the financing company for the funeral assignment and is located in Newport News, Virginia

## II. JURISDICTION AND VENUE

5. This is an Interpleader action brought pursuant to Rule 22 of the Federal Rules of Civil Procedure. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically the Federal Employees' Group Life Insurance Act, 5 U.S.C §§ 8701, *et seq.* ("FEGLIA").

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1397 because a defendant resides in this district and a substantial part of the events giving rise to this action occurred in this district.

## III. FACTUAL BACKGROUND

7. The Decedent was covered under the Federal Employees' Group Life Insurance Policy (the "FEGLI Policy") issued by MetLife to the U.S. Office of Personnel Management ("OPM") pursuant to FEGLIA. The U.S. Office of Federal Employees' Group Life Insurance ("OFEGLI") is an administrative unit of MetLife responsible for administering the claims process of the FEGLI Policy.

8. All recordkeeping for retired employees under the FEGLI Policy is done by OPM. OFEGLI becomes involved only following the death of an insured. At that point, documents from the deceased's personnel file that are relevant to adjudication of claims for his or her life insurance benefits are forwarded to OFEGLI by the record keeper. OFEGLI then adjudicates the claims.

9. Federal law governs the payment of life insurance benefits payable under the FEGLI Policy. FEGLIA, 5 U.S.C. § 8705, provides in pertinent part that:

> (a) Except as provided in subsection (e), the amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of his death, in the following order of precedence:
>
> First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office . . .
>
> . . .
>
> Second, if there is no designated beneficiary, to the widow or widower of the employee.
>
> Third, if none of the above, to the child or children of the employee and descendants of deceased children by representation.

10. The most recent beneficiary designation form on file for the Decedent is dated September 28, 2009 (the "2009 Beneficiary Designation"), and names Colin B. Johnson as the primary beneficiary to receive one-hundred percent (100%) of the FEGLI benefits. A true and correct copy of the 2009 Beneficiary Designation form is attached hereto as **Exhibit A**.

11. The prior beneficiary designation form on file for the Decedent is dated August 24, 1994 (the "1994 Beneficiary Designation") and names Warren Johnson, spouse (predeceased) to receive fifty percent (50%) of the FEGLI benefits, Eliot L. Johnson, son, to receive twenty five percent (25%) of the FEGLI benefits, and Colin B. Johnson, son, to receive twenty five percent (25%) of the FEGLI benefits. A true and correct copy of the 1994 Beneficiary Designation is attached hereto as **Exhibit B**.

12. The Decedent died on July 30, 2015. A true and correct copy of the Decedent's death certificate is attached hereto as **Exhibit C**.

13. As a result of the Decedent's death, the life insurance benefits from her coverage

under the FEGLI Policy, in the total amount of THIRTY EIGHT THOUSAND FIVE HUNDRED DOLLARS ($38,500.00) (the "FEGLI Benefits"), became payable to the proper beneficiary or beneficiaries.

14. On or about August 7, 2015, OFEGLI received notice from American Capital Funding that Colin B. Johnson had executed a funeral assignment of the FEGLI Benefits in the amount of $4,696.65 on August 4, 2015. A true and correct copy of the notice and funeral assignment is attached hereto as **Exhibit D**.

15. On or about August 7, 2015, OFEGLI received a claim for death benefits from Colin B. Johnson. A true and correct copy of the August 7, 2015 statement of claim is attached hereto as **Exhibit E**.

16. On or about August 20, 2015, MetLife received a facsimile transmission from Eliot L. Johnson advising that he believed that the Decedent had been declared by her primary care physician and neurologist to be incompetent to manage her medical and financial affairs. Copies of letters from both physicians were provided. Mr. Johnson stated that he was contesting the 2009 Beneficiary Designation as it was submitted after the time the Decedent had allegedly been declared incompetent. A true and correct copy of the facsimile, along with the physicians' letters are attached hereto as **Exhibit F**.

17. On or about August 31, 2015, MetLife advised Colin B. Johnson that the 2009 Beneficiary Designation was deemed invalid due to the Decedent having been declared incompetent during the time she completed the designation. A true and correct copy of the August 31, 2015 letter is attached hereto as **Exhibit G**.

18. On or about September 22, 2015, MetLife received an email from Colin B. Johnson advising that Clifford E. Hardwick, Esq. was representing him concerning his claim for

the FEGLI benefits. A true and correct copy of the September 22, 2015 email is attached hereto as **Exhibit H**.

19. On or about October 12, 2015, MetLife received a letter from Clifford E. Hardwick in which he alleged that MetLife's decision to deny Colin B. Johnson's claim was contractually wrong and legally impermissible. Mr. Hardwick made a formal demand for full and immediate payment of the FEGLI benefits to his client. A true and correct copy of the October 12, 2015 letter is attached hereto as **Exhibit I**.

20. On or about November 20, 2015, MetLife invited Mr. Hardwick to submit medical documentation evidencing the Decedent's competence to complete a designation of beneficiary form. Mr. Hardwick was advised that he had thirty (30) days within which to submit the additional medical documentation otherwise MetLife would issue payment of the FEGLI benefits based on the 1994 Beneficiary Designation. A true and correct copy of the November 20, 2015 letter is attached hereto as **Exhibit J**.

21. On or about January 12, 2016, MetLife received medical documentation from Colin B. Johnson and Mr. Hardwick, which included progress notes from mini-mental status exams performed on the Decedent in June, July and December of 2008. A true and correct of the additional medical documentation is attached hereto as **Exhibit K**.

22. MetLife cannot determine the proper beneficiary or beneficiaries of the FEGLI Proceeds at issue without risking exposure to itself, OPM, or OFEGLI to multiple liabilities.

23. If the Court were to determine that the 2009 Beneficiary Designation was valid, then the FEGLI Benefits would be payable in full to Colin B. Johnson.

24.     If the Court were to determine that the 2009 Beneficiary Designation was not valid, then the FEGLI Benefits would be payable to Eliot L. Johnson and Colin B. Johnson in equal shares, per the 1994 Beneficiary Designation and FEGLIA, 5 U.S.C. § 8705(a).

25.     As a mere stakeholder, MetLife has no interest in the FEGLI Benefits. MetLife therefore respectfully requests that this Court determine how said FEGLI Benefits should be paid.

26.     MetLife is ready, willing and able to pay the FEGLI Benefits, in accordance with the terms of the FEGLI Policy, in such amounts and to whichever Defendant or Defendants the Court shall designate.

27.     MetLife will deposit into the Registry of the Court the FEGLI Benefits, plus any applicable interest due and owing under the terms of the FEGLI Policy, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, Plaintiff MetLife requests the following relief:

(i)     Restraining and enjoining the Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States court against MetLife for the recovery of FEGLI Benefits plus any applicable interest, by reason of the death of the Decedent;

(ii)    Requiring that Defendants litigate or settle and adjust between themselves their claims for the FEGLI Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the FEGLI Benefits, plus any applicable interest should be paid;

(iii)   Permitting MetLife to pay into the Registry of the Court the FEGLI Benefits, plus

any applicable interest, and upon such payment dismissing MetLife with prejudice from this action, and discharging MetLife from any further liability for the FEGLI Benefits plus applicable interest, payable as a consequence of the death of the Decedent; and

(iv) Awarding MetLife such other and further relief as this Court deems just equitable and proper.

Date: March 3, 2016

Respectfully Submitted,

*John S. Bolesta / pmt*
John S. Bolesta, DC Bar No. 981489
john.bolesta@ogletreedeakins.com
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
1909 K Street, N.W., Suite 1000
Washington, D.C. 20006
Tel: (202) 887-0855
Fax: (202) 887-0866

*Counsel for Plaintiff*

23978550.1